T.C. Memo. 2007-210


UNITED STATES TAX COURT


DAVID A. DEMETREE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

DAVID A. DEMETREE AND DEBORAH DEMETREE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20833-96, 20834-96.    Filed August 1, 2007.


Kenton V. Sands, for petitioners.

Stephen R. Takeuchi, for respondent.


MEMORANDUM OPINION


FOLEY, Judge:  This matter is before the Court on

petitioners' motions for award of reasonable litigation and

administrative costs pursuant to section 7430[1] and Rule 231.  On November 24, 2003, this Court issued its memorandum opinion in Demetree v. Commissioner, T.C. Memo. 2003-323.  We incorporate herein the facts set forth in that opinion.

## Background

From 1983 through 1991, David's parents, Arthur and Naomi, regularly gave petitioners and their children gifts including food, property, and money (e.g., groceries, two homes, $900,000 in trust for David's children, etc.).  David's parents and his sister, Ms. Hinkle, also made substantial loans, documented by promissory notes, to David.  When David failed to repay the loans, his parents and sister obtained judgments against him.

From the early 1970s through his death in 1991, Arthur operated Demetree and Associates, a commercial property management sole proprietorship.  From 1983 to 1991, David occasionally performed services for Demetree and Associates and David signed Arthur's name on Demetree and Associates' business deposit slips and checks (e.g., checks payable to himself or to third parties).  Arthur did not deduct the amounts he transferred to David; issue David Forms W-2, Wage and Tax Statements; or issue Forms 1099-MISC, Miscellaneous Income.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

David did not file a return relating to 1983 through 1985. He delinquently filed his 1986 through 1989 and 1991 returns in 1993. Petitioners delinquently filed their 1992 joint return. By notice of deficiency (notice) dated June 25, 1996, respondent determined deficiencies, additions to tax, and penalties relating to 1983 through 1989 and 1991. On that same day, respondent sent petitioners a second notice in which he determined a deficiency and section 6662 penalty relating to 1992.

On September 30, 2002, the trial was held in Tampa, Florida, and on November 24, 2003, the Court issued its memorandum opinion. The Court filed petitioners' motions for reasonable litigation and administrative costs on July 8, 2005, and January 25, 2007. The Court, on March 21, 2007, filed respondent's objections.

## Discussion

Pursuant to section 7430, we may award the prevailing party in a Tax Court proceeding reasonable litigation and administrative costs. To be a prevailing party, petitioners must establish that they have substantially prevailed with respect to either the amount in controversy or the most significant issues presented. Sec. 7430(c)(4)(A); Rule 232(e). Petitioners, however, will not be treated as the prevailing party if respondent's position was substantially justified (i.e., had a

reasonable basis in law and fact). Sec. 7430(c)(4)(B); see Pierce v. Underwood, 487 U.S. 552, 565 (1988). Respondent concedes that petitioners have substantially prevailed with respect to the amount in controversy but contends that his position was substantially justified.

Respondent's position on the date he issued the notices of deficiency and after filing his answers with this Court is relevant in determining whether respondent was substantially justified. Grant v. Commissioner, 103 F.3d 948, 952 (11th Cir. 1996), affg. T.C. Memo. 1995-374. The fact that respondent loses an issue is not determinative of the reasonableness of his position. Wasie v. Commissioner, 86 T.C. 962, 969 (1986).

On the date respondent issued the notices of deficiency and after filing his answers, respondent maintained the position that David failed to report income he received from his parents and Ms. Hinkle. Indeed, David's bank statements, relating to the years in issue, delineated numerous deposits that were not included in his gross income. Thus, respondent's position, which was based upon the information available to him at the time he took a position in the administrative and judicial proceedings, was substantially justified and reasonable. The fact that petitioners established at trial that the transfers from David's parents and Ms. Hinkle were gifts and loans to David and his

family does not diminish the reasonableness of respondent's position.  See <u>Wasie v. Commissioner</u>, <u>supra</u>.  Note also that we sustained respondent's determinations that petitioners had unreported interest income, were not entitled to certain losses, were liable for self-employment tax, failed to file tax returns, failed to make estimated tax payments, and failed to maintain adequate books and records relating to the years in issue.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Appropriate orders and</u>

<u>decisions will be entered</u>.